IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eugene Santos, | ) |
|                   Plaintiff, | ) C/A No. 2:08-CV-3994-DCN-BM |
| vs. | ) |
| Donald C. Winter, Secretary of the Navy, | ) **ORDER AND OPINION** |
|                   Defendant. | ) |

This matter is before the court on the magistrate judge's report and recommendation (R&R) that this court grant defendant's motion for summary judgment. The record includes the United States magistrate judge's R&R made in accordance with 28 U.S.C. § 636(b)(1)(B). Plaintiff has filed written objections to the R&R. For the reasons set forth below, the court adopts the magistrate judge's R&R and grants defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiff began working for the United States Navy on January 25, 1984. He was employed as a professional engineer at the Naval Facilities Engineering Command (NAVFAC) in North Charleston, South Carolina, until his retirement on September 30, 2008.[1] According to defendant, "[p]laintiff worked in the Environmental Division which was responsible for insuring that the government's military installations remained in compliance with all local, state, and federal environmental laws and regulations." Mem.

---

[1] Plaintiff's retirement coincided with the closing of plaintiff's work site pursuant to the Base Realignment and Closure (BRAC).

1

in Supp. 1.

In January 1999, plaintiff was transferred to the Hazardous Waste Branch of the Environmental Compliance Division, which was supervised by Elaine Morrison. His second line supervisor was Marshall Knight, Head of the Resources and Assessment Branch, and his third line supervisor was Douglas Dangerfield, Director of Environmental Service. Initially, plaintiff received acceptable performance evaluations, with positive comments regarding plaintiff's professionalism and "great work," from Morrison. Def.'s Mot. for Summ. J. Ex. 1 at 000001-000004. Plaintiff claims that beginning in 2003, Morrison created a hostile work environment. In 2005, plaintiff received an acceptable performance evaluation, but without the positive comments made in earlier performance appraisals. Def.'s Mot. for Summ. J. Ex. 1 at 000005. Morrison simply commented that plaintiff's performance was "acceptable." Def.'s Mot. for Summ. J. Ex. 1 at 000005.

On March 14, 2005, plaintiff filed an Equal Employment Opportunity (EEO) complaint, alleging that "from January 1999 to present, he [was] being subjected to curt and rude remarks and a harsh tone of voice by his immediate supervisor, Ms. Elaine Morrison, on a daily basis, and in some instances, developing a set of circumstances that purposefully caused problems with his assigned projects." Def.'s Mot. for Summ. J. Ex. 2. He alleged that he was being discriminated against based on his gender. The EEO intake form advised plaintiff that allegations of discrimination were required to be brought to the attention of the EEO official within forty-five days of the alleged incident, and plaintiff wrote that the most recent incident had occurred on March 1, 2005. Plaintiff said that a statement made by Morrison on that date implied that he was unprofessional

with his clients. Pl.'s Resp. in Opp'n Ex. 3 at 23.

Plaintiff's EEO complaint for gender discrimination was not accepted for investigation; however, an administrative judge determined that the claim should have been accepted for investigation as a hostile work environment claim. Def.'s Mot. for Summ. J. Ex. 2. Plaintiff received a letter of caution on April 12, 2005, for attending training without prior approval and raising his voice at Morrison. Plaintiff then filed a second EEO complaint on April 25, 2005, alleging gender discrimination and retaliation. Defendant issued a letter of reprimand to plaintiff on April 29, 2005, for failure to follow directives. In his complaint, plaintiff claims that he filed a third EEO complaint on April 29, 2005, alleging gender discrimination and retaliation; however, the magistrate judge found that no evidence of this complaint had been presented to the court. Compl. ¶ 11; R&R at 3 n.3.

Plaintiff had numerous meetings with Morrison and Knight between April 29, 2005, and June 27, 2005, leading to a July 25, 2005 proposal for a five-day suspension. The actual five-day suspension resulted on October 31, 2005. Plaintiff was suspended for failure to follow his supervisor's instructions and insubordination. Plaintiff received a second letter of reprimand on December 9, 2005, for allegedly physically attacking another employee. In his complaint, plaintiff states that he filed a fourth EEO complaint on December 14, 2005, based on the five-day suspension in October, and the December 9, 2005 letter of reprimand. Compl. ¶ 30. On March 9, 2006, plaintiff received another disciplinary letter. Compl. ¶ 35.

On April 20, 2006, Morrison and Knight proposed that plaintiff receive a fourteen-day suspension for work-related misconduct. On June 9, 2006, defendant issued the actual fourteen-day suspension. The suspension notice identified at least thirty-six instances, in which plaintiff failed to comply with his work instructions. It also noted plaintiff's insubordination and combativeness towards Morrison. Def.'s Mem. in Supp. Ex. 10. On September 19, 2008, plaintiff received notice of his right to sue regarding the fourteen-day suspension.

On December 12, 2008, plaintiff filed a complaint in this court pro se, asserting the following causes of action: gender discrimination in violation of Title VII, 42 U.S.C. §§ 2000e-2000e-17; retaliation and hostile work environment in violation of Title VII, 42 U.S.C. 2000e-3(a); retaliation in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601; and failure to accommodate in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5). Compl. ¶¶ 53-60. Plaintiff later retained counsel.

Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on September 25, 2009. Plaintiff filed a response in opposition, and United States Magistrate Judge Bristow Marchant filed an R&R on May 27, 2010.

The R&R addresses each of plaintiff's causes of action. Applying the three-part formula for analyzing discrimination cases found in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973)[2], the magistrate judge found that plaintiff's gender discrimination

---

[2]To set forth an actionable discrimination claim, a plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, a rebuttable presumption is created that the defendant unlawfully discriminated against

claim, or disparate treatment claim, failed because plaintiff "offered no evidence to show that any of the actions he complains about were based on his gender, other than his own unsubstantiated speculation." R&R at 14; see also R&R at 5-15. The magistrate judge determined that plaintiff's hostile work environment claim failed for the same reason—he failed to present any evidence showing that defendant's conduct "was based on a gender animus."[3] R&R at 16; see also R&R at 15-17.

---

him. Once the presumption is established, the defendant bears the burden of production to show that a legitimate, non-discriminatory reason existed for its actions. If the defendant is able to demonstrate a legitimate, non-discriminatory reason for its actions, the burden shifts to the plaintiff to produce evidence that the defendant's asserted reason is merely a pretext for its discriminatory motive, which, in this case, is alleged discrimination based on gender. McDonnell Douglas Corp., 411 U.S. at 802-05; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-256 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991). However, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Coummunity Affairs, 450 U.S. at 253 (citation omitted).

"To establish a prima facie case of gender discrimination under Title VII, [a plaintiff] must prove: (1) he is a member of a protected class; (2) he was performing satisfactorily; (3) he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment." Austen v. HCA Health Servs. of Va., Inc., No. 00-2359, 2001 WL 242203, at *1 (4th Cir. Mar. 12, 2001); Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995).

[3]A plaintiff is required to prove four elements to establish sexual harassment based upon a hostile or abusive work environment: "(1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer." Ocheltree v. Scollon Prods., Inc., 308 F.3d 351, 356 (4th Cir. 2002), aff'd in part, rev'd in part en banc, 335 F.3d 325 (4th Cir. 2003), cert. denied, 540 U.S. 1177 (2004) (citing Spicer v. Virginia, 66 F.3d 705, 710 (4th Cir. 1995) (en banc); Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999)).

5

The magistrate judge next addressed plaintiff's retaliation claim.[4] Plaintiff claims that defendant retaliated against him for filing EEO complaints. The magistrate judge found that even though defendant did not dispute plaintiff's ability to establish a prima facie case of retaliation, defendant established legitimate, non-discriminatory reasons for its adverse employment actions, specifically, plaintiff's "repeated episodes of misconduct and insubordination." R&R at 19; see also R&R at 17-22. Thus, the burden to prove a pretextual reason behind defendant's actions shifted to plaintiff. The magistrate judge found that "[p]laintiff has simply provided no evidence to support his general and conclusory allegations that the reason he received these adverse employment actions was because he filed EEO complaints or otherwise engaged in activity protected by Title VII." R&R at 21. As a result, the magistrate judge recommended dismissal of plaintiff's retaliation claim.

---

[4] "The sequence of proof and burdens prescribed by [McDonnell Douglas Corp.] and [Texas Department of Community Affairs] are applicable to retaliation cases under § 2000e-3 as well as to discriminatory treatment claims." Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985) (citations omitted) overruled on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); see also Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989).

> The employee is initially required to establish a prima facie case of retaliation by a preponderance of the evidence. Such a prima facie case consists of three elements: 1) the employee engaged in protected activity; 2) the employer took adverse employment action against the employee; and 3) a causal connection existed between the protected activity and the adverse action.

Ross, 759 F.2d at 365 (internal citations omitted). "The employer may then rebut the prima facie case . . . by showing that there was a legitimate non-discriminatory reason for the adverse action, . . . after which the burden shifts back to the plaintiff to show that those reasons are pretextual." Munday v. Waste Mgmt. of N. Am., Inc., 126 F.3d 239, 242 (4th Cir. 1997) (internal citations omitted).

Plaintiff also claims that he was retaliated against in violation of the FMLA. In his deposition, plaintiff admitted that "other than 'the timing' that he received a suspension notice, he had no evidence that his suspension was in retaliation for having taken FMLA leave." R&R at 23 (citing Pl.'s Dep. 53). To support this claim, plaintiff "simply recite[d] some boilerplate FMLA law," and asserted that "Defendant contends that no acts of willfulness occurred and they did not act willfully.'" R&R at 24 (quoting Pl.'s Resp. in Opp'n 22). In his deposition, plaintiff admitted that he "never filed an administrative complaint of any kind asserting an FMLA violation," (R&R at 23 (citing Pl.'s Dep. 53-54)), and the magistrate judge cited Williams v. AT&T, Inc., No. 09-20231, 2009 WL 4884954, at *4 (5th Cir. Dec. 18, 2009), which held that FMLA claims are subject to an exhaustion of administrative remedies requirement. R&R at 23. The magistrate judge also observed that as a federal employee with more than twelve months of service, plaintiff's FMLA claim would fall under Title II of the FMLA, 5 U.S.C. §§ 6381-6387. Defendant argues that Title II does not provide plaintiff with a private right of action under the FMLA, citing Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997); Chandler v. Bernanke, 531 F. Supp. 2d 193, 201 (D.D.C. 2008); and Gardner v. United States, No. 96-1467, 1999 WL 164412, at *7 (D.D.C. Jan. 29, 1999). In his response in opposition, plaintiff failed to address the arguments regarding the exhaustion requirement and preclusion of a private right of action under Title II of the FMLA. Accordingly, the magistrate judge found that defendant is entitled to summary judgment on this claim.

In addressing plaintiff's final claim, failure to accommodate in violation of the ADA, the magistrate judge concluded that both the ADA and the Rehabilitation Act of

7

1973, 29 U.S.C. § 791, require exhaustion of administrative remedies prior to filing suit.[5]
"When asked at his deposition if he had filed a complaint of discrimination based on a disability, Plaintiff responded 'I don't think so.'" R&R at 25 (citing Pl.'s Dep. 175). Defendant has no record of plaintiff filing a claim for discrimination on the basis of disability, and plaintiff failed to respond to defendant's argument for dismissal of the ADA claim in his motion for summary judgment. As a result of his failure to pursue administrative remedies, as well as respond to defendant's argument, the magistrate judge recommended dismissal of plaintiff's ADA claim.

On June 14, 2010, plaintiff filed written objections to the magistrate judge's R&R. Plaintiff argues that the R&R is "replete with misleading statements and misnomers as to arguments and factual circumstances in order to substantiate the dismissal of the Plaintiff's claims." Pl.'s Objections 1-2. Plaintiff specifically objects to the following in the R&R: (1) the magistrate judge's treatment of plaintiff's performance evaluations; (2) the magistrate judge allegedly "trivializes" plaintiff's hostile dealings with Morrison; (3) the magistrate judge's alleged consideration of plaintiff's various complaints as separate and distinct, rather than an inter-related series of acts reflecting discrimination on the part of defendant; (4) the magistrate judge's alleged reliance on facts provided by defendant,

---

[5]The Rehabilitation act expressly incorporates the standards of the Americans with Disabilities Act (ADA). § 794(d). The ADA, in turn, follows the "powers, remedies and procedures" set forth in Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 12117(a) (2000). Thus, like a Title VII plaintiff, Spencer was required to exhaust her administrative remedies before instituting a lawsuit. See [Brown v. Gen. Servs. Admin., 425 U.S. 820, 829-32 (1976)].

Spencer v. Ashcroft, No. 04-1955, 2005 WL 2295512, at *2 (4th Cir. Sept. 21, 2005).

and his alleged failure to adequately consider the facts provided by plaintiff; and (5) the magistrate judge allegedly "trivializes" the environment in which plaintiff worked and minimizes Shirley Stika's testimony, "which clearly submits a genuine issue of material fact as to the increased 'scrutiny' the Plaintiff was subjected to in retaliation for his complaint and to further instill a hostile work environment for the Plaintiff." Pl.'s Objections 4.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The nonmovant "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson, 477 U.S. at 255. However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

## IV. DISCUSSION

Plaintiff argues that the R&R insinuates that plaintiff had the ability to achieve a higher rating on his performance evaluation in 2005, when it stated that he "only" received an "acceptable" rating. Pl.'s Objections 3; R&R at 2. Defendant's performance evaluation forms only allowed for overall performance ratings of "acceptable" or

10

"unacceptable"; however, Morrison was able to write comments at the bottom of the forms. In plaintiff's performance evaluations from 1999 to 2004, he received overall performance ratings of "acceptable," yet Morrison wrote extremely positive comments at the bottom of each form. In 2005, plaintiff once again received an overall rating of "acceptable," but in the corresponding comments section, Morrison simply described his performance as "acceptable." Thus, the R&R did not mischaracterize the change in plaintiff's performance evaluations. Moreover, this objection fails to address the key issue regarding plaintiff's gender discrimination claim: plaintiff's failure to provide evidence showing that defendant's alleged discriminatory actions were based on plaintiff's gender. Plaintiff's first objection is without merit.

Plaintiff's second objection is that the R&R "trivializes the Plaintiff's harsh and many times overwhelmingly hostile dealings with his supervisor Elaine Morrison. Unfortunately, on this occasion the Plaintiff was yelled at by the [sic] Morrison regarding the Plaintiff's allegedly unprofessional attitude." Pl.'s Objections 3. The first half of this objection is a general objection, which is insufficient to challenge a magistrate judge's findings. It is unclear whether the second portion of this objection involves an occasion prior to plaintiff's March 14, 2005 EEO claim,[6] and upon review of plaintiff's complaint and response in opposition to summary judgment, the court cannot find any reference to Morrison yelling at plaintiff for his unprofessional attitude. The second part of plaintiff's second objection is vague and without merit.

---

[6]Plaintiff's objection contains a footnote referencing "Exhibit List to Summary Judgment Plaintiff's March 14, 2005 EEO filing." Pl.'s Objections 3 n.4.

Plaintiff's third objection is that the magistrate judge addressed plaintiff's complaints,

> as separate and distinct and the possibility that none of the facts can be interrelated. However, the Plaintiff's employment with the Defendant was not distinct and specific acts of the Defendant but a progression of discrimination and hostile work environment that severely affected the Plaintiff's ability to perform his position. The Plaintiff further attempted to file EEO complaints on the proposed five-day suspension but was not permitted to because he had not actually been harmed at the time of the proposal.

Pl.'s Objections 4. Contrary to plaintiff's objection, the R&R discusses all of plaintiff's EEO complaints and the disciplinary actions allegedly related to each, in detail, in both the background section (R&R at 2-4), and in the discussion of plaintiff's gender discrimination claim (R&R at 8-14). The court now reiterates the point made in response to plaintiff's first objection. Taking into consideration all of the facts alleged by plaintiff, his gender discrimination and hostile work environment claims fail because plaintiff is unable to present evidence showing that defendant's actions were based on plaintiff's gender. Even if plaintiff had been able to file an EEO complaint regarding the five-day suspension, the result would remain the same.

Plaintiff next argues that in the R&R, the magistrate judge "refers to the Defendant's rendition of the facts because it clearly refers to the Defendant's failure to provide exhibits it referred to," and the R&R "fails to address the Plaintiff's exhibits and rendition of the facts that are conducive to the Plaintiff's claims as set forth in the Response to Summary Judgment." Pl.'s Objections 4. The first half of this objection is nearly unintelligible, and the objection as a whole is without merit. The R&R plainly

contains numerous references to plaintiff's exhibits, plaintiff's brief, and plaintiff's deposition throughout. References to plaintiff's deposition in the R&R show that he admitted to workplace misconduct, including attending training without receiving prior approval from his supervisor, and raising his voice at his supervisor. R&R at 11 (citing Pl.'s Dep. 112, 135-40).

Plaintiff's final objection is that the R&R "trivializes the environment that the Plaintiff was subjected to by stating that he was just subjected to increased scrutiny." Plaintiff also argues that the R&R minimizes the significance of Shirley Stika's testimony, in which she testified that Morrison was "aggressive" towards male employees, and that Morrison had "yelling [and] screaming matches" with male employees, but not with female employees. R&R at 8-9. The first half this objection is plaintiff's second general objection that the magistrate judge trivialized plaintiff's situation. Such general objections are insufficient to challenge the magistrate judge's findings in the R&R and will not be considered by this court. The magistrate judge in no way minimized the significance of Stika's testimony. In addition to the statements above, Stika's affidavit reflected that "she believed a lot of Morrison and Plaintiff's problems were 'personality problems' as a result of a 'power struggle' between the two." R&R at 16-17. The magistrate judge properly found that Stika's contradictory testimony, coupled with the well-supported disciplinary actions taken by defendant, did not create a genuine issue of material fact as to whether defendant's employment actions were motivated by plaintiff's gender.

# V. CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**September 21, 2010
Charleston, South Carolina**